IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BYRON GREEN, )
)
Petitioner, )
)
v. ) 1:13CV1027
)
FRANK L. PERRY, )
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Frank Perry, who is currently the Secretary of Public Safety, as Respondent.

3. Petitioner fails to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may

satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A-31, 15A-1422). Here, Petitioner reports that he filed a MAR in the trial court, but that he sought certiorari from the North Carolina Supreme Court, rather than the Court of Appeals. This is not proper and not sufficient to exhaust his claims. Petitioner also does not indicate whether or not he presented his fourth claim for relief to the state courts at all.

Because of these pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

-2-

Case 1:13-cv-01027-WO-JLW Document 2 Filed 11/19/13 Page 2 of 3

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 19th day of November, 2013.

_____
Joe L. Webster
United States Magistrate Judge